# George R. Des Rivieres v. Lumber District Milling Company.

1. CONTRACTS—*A Contract Construed.*—A and B made a contract by which A agreed to sell to B " all the surplus shavings made by him at his mill on the corner of Throop and Hinman streets for one year." Before the year was out A left the mill described and took another. B sued for a refusal by A to deliver the shavings made at the new mill. *Held*, that such refusal did not give B a cause of action.

Assumpsit, for breach of contract to sell shavings. Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

STIRLEN & KING, attorneys for appellant.

FLOWER, SMITH & MUSGRAVE, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

In August, 1891, these parties made a contract by which the appellee agreed to sell to the appellant all the surplus of shavings made by the appellee at its mill on the corner of Throop and Hinman streets, for one year from the tenth day of that month, after retaining what might be needed for fuel for the mill and other use of the appellee.

There is no other designation of the subject of the sale than such shavings as might be made at a particular mill, and no agreement by the appellee, express or implied, to make shavings. It would be absurd to suppose that the parties contemplated that the appellee should, regardless of other considerations, continue its business for the mere purpose of producing shavings for the appellant.

The identity of the subject of sale is fixed by the same principle of construction as is applied to insurance on merchandise or household goods. Bradbury v. Insurance Companies, 80 Maine, 396.

The product by the appellee at that one mill then occupied

by the appellee, and nothing else, was what the appellee agreed to sell.

Before the year was out, the appellee left that mill and, from the same owner, took another on the opposite side of Throop street.

The appellant sued for a refusal by the appellee to deliver the shavings made at that mill. The Superior Court rightly held that such refusal was no cause of action, and the judgment is affirmed.